# 21-1381

# United States Courts of Appeals
# For the Second Circuit

**AMERICAN GIRL, LLC,**
*Plaintiff-Appellant*

**v.**

**ZEMBRKA, DBA www.zembrka.com and www.daibh-idh.com,**
**www.zembrka.com, www.daibh-idh.com,**
*Defendants-Appellees*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANTS-APPELLEES

Tao Liu
tao.liu@glacier.law
Glacier Law LLP
41 Madison Ave, Ste 2529
New York, NY 10010
212-999-7858

Tianyu Ju
iris.ju@glacier.law
Glacier Law LLP
251 S Lake Ave, Ste 910
Pasadena, CA 91101
312-499-2666

*Counsel for Defendants-Appellees*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendants-Appellees

ZEMBRKA, DBA www.zembrka.com and www.daibh-idh.com,

www.zembrka.com, www.daibh-idh.com (collectively, "Defendants") hereby state

that they have no parent corporation and that there is no publicly held corporation

owning 10% or more of their stock.


Dated: January 5, 2024          /s/ Tianyu Ju_____

                                **Glacier Law LLP**
                                251 S Lake Ave, Suite 910,
                                Pasadena, CA 91101
                                Tel. No.: (312)499-2666
                                Email: iris.ju@glacier.law
                                *Counsel for Defendants-Appellees*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................1

JURISDICTION STATEMENT ............................................................................2

STATEMENT OF ISSUES PRESENTED FOR REVIEW.....................................3

STATEMENT OF THE CASE AND THE FACTS...................................................3

SUMMARY OF ARGUMENT .............................................................................8

STANDARD OF REVIEW .................................................................................9

ARGUMENT .................................................................................................10

I.  THE DISTRICT COURT IS CORRECT IN FINDING THAT THERE IS NO
    JURISDICTION UNDER N.Y. C.P.L.R. §302(A)(1) ...........................................10

II. THE DISTRICT COURT IS CORRECT IN FINDING THAT THERE IS NO
    JURISDICTION UNDER N.Y. C.P.L.R. §302(A)(3)(II) .......................................12

III. JURISDICTION OVER DEFENDANTS IS NOT CONSISTENT WITH DUE PROCESS 17

IV. PLAINTIFF IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY ........................20

CONCLUSION ...............................................................................................21

CERTIFICATE OF COMPLIANCE .....................................................................21

# TABLE OF AUTHORITIES

## CASES

*Arch Trading Corp. V. Republic of Ecuador*,
   839 F. 3d 193 (2d Cir. 2016) ...................................................................20

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
   305 F.3d 120 (2d Cir. 2002) ...................................................................19

*Beierwaltes v. L'Office Federale De la Culture De La Confederation Suisse*
   99 F. 3d 808 (2d Cir. 2021) ...................................................................20

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985).........................................................................18, 19

*D.H. Blair & Co. v. Gottdiener*,
   462 F.3d 95 (2d Cir. 2006) ...................................................................11

*Eades v. Kennedy, PC Law Offs.*,
   799 F.3d 161 (2d Cir. 2015) .............................................................11, 17

*Elsevier, Inc. v. Grossman*,
   77 F. Supp. 3d 331 (S.D.N.Y. 2015) ...................................................13

*Freeplay Music, Inc. v. Cox Radio, Inc.*,
   No. 04 Civ. 5238GEL, 2005 WL 1500896 (S.D.N.Y. June 23, 2005) ................15

*In re Magnetic Audiotape Antitrust Litg.*,
   334 F.3d 204 (2d Cir. 2003).....................................................................9

*Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*,
   456 US 694 (1982)...................................................................................21

*International Shoe Co. v. Washington*,
   326 U.S. 310 (1945).................................................................................17

*ISI Brands, Inc. v. KCC Int'l, Inc.*,
   458 F. Supp. 2d 81 (E.D.N.Y. 2006) .....................................................14

*Jazini v. Nissan Motor Co. Ltd.*,
148 F.3d 181 (2d Cir. 1998) ..........................................................10, 20

*Keramchemie GmbH v. Keramchemie (Canada) Ltd.*,
771 F.Supp. 618 (S.D.N.Y.1991) ........................................15

*Kernan v. Kurz-Hastings, Inc.*,
175 F.3d 236 (2d Cir.1999) .............................................16

*Kreutter v. McFadden Oil Corp.*,
71 N.Y.2d 460, 522 N.E.2d 40, 527 N.Y.S.2d 195 (1988)....................................11

*Kronisch v. United States*,
150 F.3d 112, 1998 WL 378306 (2d Cir. 1998) ...........................................11, 12

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
732 F.3d 161 (2d Cir. 2013) .............................................11, 18

*Mareno v. Rowe*,
910 F.2d 1043 (2d Cir.1990), *cert. denied*, 498 U.S. 1028 (1991) .....................15

*McGowan v. Smith*,
52 N.Y.2d 268, 419 N.E.2d 321, 437 N.Y.S.2d 643 (1981)................................11

*Metro. Life Ins. Co. v Robertson-Ceco Corp.*,
84 F3d 560 (2d Cir 1996)..................................................10

*Milliken v. Meyer*,
311 U.S. 457 (1940)........................................................17

*Pablo Star Ltd. v. Welsh Gov't*,
170 F. Supp. 3d 597 (S.D.N.Y. 2016) ................................................14

*Parke-Bernet Galleries, Inc. v. Franklyn*,
26 N.Y.2d 13 (1970).......................................................11

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
16 N.Y.3d 295 (2011) .....................................................14, 15

*Penguin Grp. (USA) Inc. v. Am. Buddha*,

609 F.3d 30 (2d Cir. 2010).....................................................................9

*Savage Universal Corp. v. Grazier Constr., Inc.*,
No. 4 Civ. 1089, 2004 WL 1824102 (S.D.N.Y. Aug. 13, 2004) ...................14, 15

*Schaadt v. Kutter*,
169 A.D.2d 969, 564 N.Y.S.2d 865 (3d Dep't 1991).........................................16

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
450 F.3d 100 (2d Cir. 2006) ...............................................................13

*SPV Osus Ltd. v. UBS AG*,
882 F.3d 333 (2d Cir. 2018). ..............................................................9

*Sterling Nat'l Bank & Tr. Co. of N.Y. v. Fidelity Mortg. Invs.*,
510 F.2d 870 (2d Cir. 1975) ..............................................................11

*Thomas v. Ashcroft*,
470 F.3d 491 (2d Cir. 2006)...............................................................10

*Troma Entm't, Inc. v. Centennial Pictures Inc.*,
729 F.3d 215 (2d Cir. 2013)...............................................................14

*Virgin Enterprises Ltd. v. Virgin Eyes LAC*,
No. 08 Civ. 8564, 2009 WL 3241529 (S.D.N.Y. Sept. 30, 2009) .......................15

*Walden v. Fiore*,
134 S. Ct. 1115 (2014) ....................................................................18

**STATUTES**

N.Y. C.P.L.R §302 (a)(1) ...........................................................1, 8, 10, 12

N.Y. C.P.L.R §302(a)(3)(ii) .............................................................9, 16

## PRELIMINARY STATEMENT

Plaintiff-Appellant American Girl, LLC ("Plaintiff"), a California-based company registered in Delaware, filed a lawsuit for trademark infringement in Southern District of New York against China-based Defendants-Appellees ZEMBRKA, DBA www.zembrka.com and www.daibh-idh.com, www.zembrka.com, www.daibh-idh.com (collectively, "Defendants"), alleging these Defendants have been selling counterfeit products online using the trademarked name "American Girl." A-11; A-13. The nature of this type of e-commerce related case typically involves *ex parte* motions for alternative service and temporary restraining order. A-3. This case followed the same pattern, which was also recognized by the District Court during the hearing for Plaintiff's motion for a preliminary injunction. A-282-A-283.

Recognizing that Defendants are not subject to the general personal jurisdiction in New York, *see* A-297, Plaintiff contended that Defendants are subject to specific personal jurisdiction pursuant to N.Y. C.P.L.R §302 (a)(1) and or alternatively, N.Y. C.P.L.R. §302(a)(3)(ii). A-295. In a strategic move to create personal jurisdiction, the California-based Plaintiff attempted to purchase the allegedly infringing products from the websites operated by these China-based Defendants. A-19; A83-A90. However, this tactic proved futile as the allegedly

infringing products never reached to New York - Defendants consistently cancelled and refunded the purchase price. A-295; A-378; A-386.

Yet, the District Court astutely observed that Plaintiff's arguments fell short. Plaintiff could not demonstrate that Defendants "transact business" in New York for the purposes of personal jurisdiction as evidenced by that no allegedly infringing product ever reached to New York and refund of the allegedly infringing products – a critical element for establishing personal jurisdiction under N.Y. C.P.L.R §302 (a)(1). Plaintiff also failed to demonstrate that any alleged infringement by Defendants caused injury within New York, and Defendants expected or should have expected its alleged tortious conduct to have consequences in New York, the two necessary conditions under N.Y. C.P.L.R. §302(a)(3)(ii).

On appeal, Plaintiff seeks to extend the traditional boundaries of jurisdictional law into the digital realm, testing the limits of how online commercial presence and activities can establish personal jurisdictional ties to a particular geographic location. Specifically, Plaintiff emphasizes the interactive characteristics of Defendants' websites as a dispositive factor in asserting that such operation amounts to "transacting business" within the State of New York.

## JURISDICTION STATEMENT

Defendants contend that neither the District Court nor the Court of Appeals has personal jurisdiction over any of them.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.     Whether the offer of goods for sale on an internet site not specifically directed to the State of New York, which does not result in an injury in New York, subjects Defendants to personal jurisdiction in New York.

## STATEMENT OF THE CASE AND THE FACTS

### Complaint and Motion to Dismiss

On March 31, 2021, Plaintiff, a California-based company registered in Delaware, initiated legal action in Southern District of New York against China-based Defendants for trademark infringement. A-11; A-13.

Defendants, who undisputedly reside in China and operate their websites in China, had no minimum contacts with New York whatsoever. A-246-A-247; A-252. Specifically, the operators have never been to the United States. *Id*. Defendants do not maintain a business presence in New York, does not pay New York taxes, has never filed suit in New York, does not bank in New York, does not store inventory in New York, does not target advertising or marketing to New York residents, has never contracted with an ISP in New York, has not formed contracts in New York, and has never shipped/sold any allegedly infringing products to New York. *Id*. At most, the online stores operated by these China-based Defendants were accessible from New York, as well as everywhere else. *Id*. The service of process is also improper due to noncompliance of Hague Convention. *Id*. Accordingly, these China-

based Defendants filed a motion to dismiss on April 14, 2021, under 12(b)(2) and (b)(5). *Id*.

During the hearing on April 14, 2021, Plaintiff's counsel confirmed that "plaintiff's counsel did test buy from all four of the websites. Those products were never received in New York." A-273. In fact, as admitted by Plaintiff, they received a refund for the products purchased by counsel on April 10, 2021. A-295, n.4. Defendants' counsel also explained at the hearing that Defendants have a policy of not shipping products to the United States and to refund any money paid by a potential American purchaser. A-281-A-282.

On April 21, 2023, Plaintiff filed an opposition to Defendants' motion to dismiss. A-291. In this Opposition, Plaintiff conceded that the District Court cannot assert "general" jurisdiction over Defendants. A-297, n.5. However, despite acknowledging that their counsel was refunded the purchase price of the allegedly infringing products and the product never reached New York, Plaintiff asserted that Defendants are subject to specific personal jurisdiction under N.Y. C.P.L.R §302 (a)(1) because Defendants have transacted business in New York and Plaintiff's claims are related to those transactions; and or alternatively, Defendants are subject to specific personal jurisdiction under N.Y. C.P.L.R. §302(a)(3)(ii) because Defendants' alleged acts are tortious and they should reasonably expect consequences in New York. A-295-A-302.

Subsequently, Defendants filed a reply. SA-001. In their reply, Defendants distinguished cases cited by Plaintiff, drawing clear lines between those cases and the present situation. SA-001-SA-003. In particular, cases relied on by Plaintiff can be distinguished from this present one as in those cases, products were actually sold and shipped to New York, which constitutes "commercial activity in New York." *Id*.

On April 28, 2021, the District Court granted Defendants' motion to dismiss for lack of personal jurisdiction. A-355. In granting the motion to dismiss, the District Court also denied Plaintiff's motion for a preliminary injunction, dissolved the previously entered temporary restraining order, and closed the case. *Id*. The District Court's decision was based on several key findings. First, the District Court found that Plaintiff had not established that Defendants "transact business" in New York. A345. The District Court acknowledged that, despite Plaintiff's counsel attempt to purchase the allegedly infringing product, these products never reached New York. A-347. Additionally, Plaintiff had been refunded the purchase price due to Defendants' policy of not shipping product to the United States and providing refunds to potential American purchasers. *Id*. Second, the District Court found that Plaintiff has failed to demonstrate that Defendants' allegedly infringing conduct caused injury in New York. A-352. Specifically, the District Court found that Plaintiff has failed to demonstrate that it suffered any loss of business in New York

due to New York customers being "confused or potentially confused" by Defendants' alleged conduct. *Id*.

**Motion for Reconsideration and Appeal**

On May 12, 2021, Plaintiff moved for reconsideration, citing "new evidence" obtained from PayPal which demonstrate that 38 New York customers purchased the allegedly infringing products from Defendants' websites, refunded and never received the product; and that Defendants had sold hundreds of non-infringing products to New York customers. A-385-A-386.

Defendants, in their Opposition, argued that Plaintiff's failure to obtain the records from PayPal through their due diligence does not render the PayPal records "new evidence" for the purpose of reconsideration. A-392-A-393. In addition, Defendants declared that they do not sell the allegedly infringing product to the United States. A-394; A-407; A-409; A-411. While Defendants were unable to block the United States from the online purchase/payment platform, Defendants refunded every single purchase of the allegedly infringing product from the United States. *Id*. at A-407; A-409; A-411. Defendants' declarations collaborate with the evidentiary records of this case. *Id*., at A-394.

On May 28, Plaintiff filed notice of appeal. A-412. On June 3, 2021, Plaintiff, in its reply in support of Motion for Reconsideration, among the other arguments, argued that Defendants' affidavits should not be considered. A-422.

On June 26, 2023, the District Court denied Plaintiff's motion for reconsideration. A-432. The District Court found that it needs not address whether Defendants' affidavits can be considered, because Plaintiff's motion for reconsideration fails even assuming the affidavits cannot be considered. A-434, n.4. Further, the District Court concluded it unnecessary to determine whether the PayPal evidence qualified as "new evidence" for the purpose of reconsideration, because either case, Plaintiff's motion failed on the merits. A-437.

Once again, the District Court reiterated that the activity of ordering products on Defendants' websites, but sales were never consummated, was simply the result of Defendants operating an interactive website; and operating an interactive website is insufficient to establish a business transaction for the purpose of personal jurisdiction. A-438. The District Court further concluded that it cannot find Defendants expected or should have expected its alleged tortious conduct to have consequences in New York, as the District Court found that Plaintiff has not demonstrated that Defendants have delivered any allegedly infringing products to New York, where in fact, Defendants intentionally aimed to avoid the New York market by having a policy not shipping to the United States, and provided refunds to Plaintiff's counsel and the other 38 New York customers. A-441.

Subsequently, on July 7, 2023, Plaintiff filed the amended notice of appeal. A-443. On appeal, Plaintiff has recited the same arguments that the District Court

rejected, alleged that the District Court erred, and Defendants are subject to long arm jurisdiction pursuant to N.Y. C.P.L.R. §302(a)(1) solely as the result of operating an highly interactive website that is accessible from New York. Alternatively, Plaintiff has alleged that Defendants are subject to long arm jurisdiction pursuant to N.Y. C.P.L.R. §302(a)(3)(ii) again, solely as a result of operating an highly interactive website that is accessible from New York. *See Appellants' Br. generally.*

## SUMMARY OF ARGUMENT

The District Court correctly dismissed the Complaint for lack of personal jurisdiction and properly denied Plaintiff's motion for reconsideration.

First, the District Court correctly concluded that absent some action by Defendants to specifically target New York with its sales and website, or consummated transactions in the state of New York, Plaintiff cannot establish that Defendants "transact business" in New York for the purposes of personal jurisdiction under N.Y. C.P.L.R §302 (a)(1). Specifically, the District Court properly found that Defendants had not shipped any allegedly infringing products to New York and had a policy of not shipping to the United States, negating the argument of purposefully availing themselves of the New York market. Moreover, the District Court properly concluded that the result of simply operating an interactive website where people can order the products, but the sales were never consummated, is

insufficient to establish a business transaction within the State of New York for purpose of personal jurisdiction.

Second, the District Court also properly concluded that it cannot exercise personal jurisdiction under N.Y. C.P.L.R §302(a)(3)(ii) over Defendants. Specifically, the District Court properly concluded that under the objective test, the District Court cannot find Defendants expected or should have expected its alleged tortious conduct to have consequences in New York, as Plaintiff has not demonstrated that Defendants have delivered any allegedly infringing products to New York, where in fact, Defendants intentionally aimed to avoid the New York market by having a policy not shipping to the United States, and provided refunds to Plaintiff's counsel and the other 38 New York customers.

## STANDARD OF REVIEW

The District Court's decision on the motion to dismiss of a complaint under Federal Rule of Civil Procedure 12(b)(2) is subject to de novo review by this Court. *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 342 (2d Cir. 2018).

In opposing a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, "[a] plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010) (citing *In re Magnetic Audiotape Antitrust Litg.*, 334 F.3d 204, 206 (2d Cir. 2003)). Specifically, the plaintiff must make a prima

facie showing that jurisdiction exists by including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant. *Id.* at 34-35 (quoting *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006), and then quoting *In re Magnetic Audiotape*, 334 F.3d at 206). "[C]onclusory non-fact-specific jurisdictional allegations" or "legal conclusion[s] couched as a factual allegation" will not establish a prima facie showing of jurisdiction. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998).

In ruling on a motion to dismiss for lack of personal jurisdiction, the inquiry is two-fold: "First, [the Court] must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." *Metro. Life Ins. Co. v Robertson-Ceco Corp.*, 84 F3d 560, 567 (2d Cir 1996). Here, Plaintiff has not been able to establish either of the prongs, and therefore, there is no personal jurisdiction over Defendants.

## **ARGUMENT**

## I.     **The District Court is Correct in Finding That There Is No Jurisdiction Under N.Y. C.P.L.R. §302(a)(1)**

"To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Eades v. Kennedy, PC*

*Law Offs.*, 799 F.3d 161, 168 (2d Cir. 2015) (*quoting Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013)).

With respect to the "transacting business" part of the analysis, courts look to "the totality of the defendant's activities within the forum." *Sterling Nat'l Bank & Tr. Co. of N.Y. v. Fidelity Mortg. Invs.*, 510 F.2d 870, 873 (2d Cir. 1975). A non-domiciliary transacts business in New York when he "purposely avails himself of the privilege of conducting activities within New York," thus invoking "the benefits and protections of its laws." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104-05 (2d Cir. 2006) (*quoting Parke-Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 18 (1970)).

A suit will be deemed to have arisen out of a party's activities in New York if there is "an articulable nexus," or a "substantial relationship," between the claim asserted and the actions that occurred in New York. *Kronisch v. United States*, 150 F.3d 112, 1998 WL 378306, at *15 (2d Cir. 1998) (*quoting Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 466, 522 N.E.2d 40, 43, 527 N.Y.S.2d 195, 198-99 (1988); *McGowan v. Smith*, 52 N.Y.2d 268, 271-72, 419 N.E.2d 321, 322-23, 437 N.Y.S.2d 643, 644-45 (1981)).

Here, Defendants operated interactive websites accessible from everywhere, including New York. The uncontroverted evidence shows that although people can order the allegedly infringing product on Defendants' website, such sales were never

consummated. Defendants did not purposefully avail themselves to New York; in fact, Defendants intentionally aimed to avoid New York market. They had refunded Plaintiff's counsel and all 38 New York purchasers, not shipped any allegedly infringing products to New York and had a policy of not shipping to the United States.

Even when considering the new evidence from PayPal, Plaintiff still cannot establish that Defendants "transact business" in New York for the purposes of personal jurisdiction under N.Y. C.P.L.R §302 (a)(1). This is particularly true because (a) Plaintiff's counsel and all 38 New York purchasers were refunded the purchase price, and the allegedly infringing products never reached them; (2) the other sales to New York are not relevant to the personal jurisdiction analysis under N.Y. C.P.L.R §302 (a)(1) as they lack "an articulable nexus," or a "substantial relationship," with the infringement claim asserted by Plaintiff. *Kronisch*, 1998 WL 378306, at *15.

Therefore, the District Court correctly found that Defendants are not subject to jurisdiction pursuant to N.Y. C.P.L.R. §302(a)(1).

## II. The District Court is Correct in Finding That There Is No Jurisdiction Under N.Y. C.P.L.R. §302(a)(3)(ii)

With respect to establish personal jurisdiction under N.Y. C.P.L.R. §302(a)(3)(ii), a plaintiff must establish the following elements: (1) Defendants committed a tortious act outside the state; (2) Plaintiff's cause of action arose from that act; (3) the tortious act caused injury to a person or property within the state; (4)

Defendants expected or should reasonably have expected the act to have consequences in the state; and (5) Defendants derive substantial revenue from interstate or international commerce. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 106 (2d Cir. 2006).

Plaintiff asserts that N.Y. C.P.L.R. §302(a)(3)(ii) supports jurisdiction here. However, Plaintiff has not satisfied their burden of making a factually supported showing as to the elements of this section. Assuming for the purposes of this appeal that Defendants' conduct was tortious, the issue becomes whether it caused injury to Plaintiff within New York, and whether Defendants expected or should reasonably have expected the act to have consequences in New York.

Plaintiff vaguely argues that it has suffered financial harm in the form of lost sales or lost customers in the State of New York by reference of a complaint from an unknown customer whose location was unknown. This argument fails in that "'[h]arm to a business in the New York market through lost sales or lost customers' may meet the requirement of injury in the forum state, but 'those lost sales must be in the New York market, and those lost customers must be New York customers.'" *Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 346 (S.D.N.Y. 2015).

Even if the Court were to analyze the jurisdictional question applying Plaintiff's non-fact-specific jurisdictional allegations and legal conclusions of financial losses in New York, the attenuated relationship between the acts committed

in China upon any theoretical resulting injury in New York to a California-based right owner would cause the long-arm jurisdictional analysis to fail. As in *Penguin Group*, factors point to the conclusion that the location of the trademark holder—in this case, Delaware or California—is the situs of Plaintiff's injury. *Penguin Grp. (USA) Inc. v. Am. Buddha*, 16 N.Y.3d 295, 302 (2011) (The New York Court of Appeals previously has held that the situs of an injury based on copyright infringement occurring over the internet is "the location of the copyright holder.").

And even if *Penguin Group* is not dispositive, the existence of the third element—an injury in New York—is not reasonably probable. Plaintiff has not established "a non-speculative and direct New York-based injury to its intellectual property rights." *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 607 (S.D.N.Y. 2016) (*quoting Troma Entm't, Inc. v. Centennial Pictures Inc*., 729 F.3d 215, 220 (2d Cir. 2013)). In fact, Plaintiff cannot, because Defendants have never shipped/sold any allegedly infringing product to New York. At most, Defendants' interactive websites operated online that were accessible from New York, as well as everywhere else. However, "[e]ven the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York." *ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 87–88 (E.D.N.Y. 2006) (*quoting Savage Universal Corp. v. Grazier Constr., Inc.*,

No. 4 Civ. 1089, 2004 WL 1824102, *9 (S.D.N.Y. Aug. 13, 2004)); *see also Virgin Enterprises Ltd. v. Virgin Eyes LAC*, No. 08 Civ. 8564, 2009 WL 3241529, at *4 (S.D.N.Y. Sept. 30, 2009) "It stretches the meaning of 'transacting business' to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred." *Savage Universal*, 2004 WL 1824102, at *9; *see also Freeplay Music, Inc. v. Cox Radio, Inc*., No. 04 Civ. 5238GEL, 2005 WL 1500896, at 7 (S.D.N.Y. June 23, 2005).

In this case, Plaintiff's attempt to employ long arm jurisdiction must fail in light of the lack of factual averments of direct injury within the State of New York. At best, Plaintiff may attempt to argue that New York is the location where the resultant damages are subsequently felt by Plaintiff, however, this carries no weight as the situs of the injury in general is the location of the original event which caused the injury. *Keramchemie GmBH v. Keramchemie (Canada) Ltd*., 771 F.Supp. 618, 621 (S.D.N.Y.1991) (*quoting Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir.1990), *cert. denied*, 498 U.S. 1028 (1991)). More importantly, similar to the situs of injury analysis involving online content in *Penguin Group*, here, New York is not the situs of the injury because New York is not the location of Plaintiff, the trademark holder. *Penguin Group*, 16 N.Y.3d at 302. In any case, the location is not New York.

With respect to whether a defendant should reasonably foresee that his actions would have consequences in New York, under N.Y. C.P.L.R. § 302(a)(3)(ii), "[t]he test ... is an objective rather than subjective one." *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 241 (2d Cir.1999) (internal quotation marks and citations omitted).

New York courts apply the "reasonable expectation" requirement "in a manner consistent with United States Supreme Court precedent "[to] avoid conflict with federal constitutional limits." *Id.*, at 241. Thus, "foreseeability must be coupled with evidence of a purposeful New York affiliation, for example, a discernible effort to directly or indirectly serve the New York market." *Id.* (*quoting Schaadt v. Kutter*, 169 A.D.2d 969, 970, 564 N.Y.S.2d 865 (3d Dep't 1991).

In this case, under the objective test, the District Court cannot find Defendants expected or should have expected its alleged tortious conduct to have consequences in New York. This is not only because Plaintiff has not demonstrated that Defendants have delivered any allegedly infringing products to New York, but also because, in fact, Defendants intentionally aimed to avoid the New York market by having a policy not shipping to the United States, and provided refunds to Plaintiff's counsel and the other 38 New York customers. Therefore, the District court is correct in finding that there is no personal jurisdiction against Defendants pursuant to N.Y. C.P.L.R. §302(a)(3)(ii).

## III. Jurisdiction Over Defendants Is Not Consistent With Due Process

If a state's long-arm statute permits personal jurisdiction, a court must analyze whether the exercise of personal jurisdiction comports with the Due Process Clause of the United States Constitution. As an initial matter, although section 302(a)(1) of New York's long-arm statute and constitutional due process are not coextensive, the Second Circuit has noted that it would be a "rare" case where personal jurisdiction is proper pursuant to New York's long-arm but not pursuant to a due process analysis. *Eades*, 799 F.3d at 168.

The due process inquiry has two components: first, the court must determine whether the defendant has had minimum contacts with New York sufficient to justify the exercise of personal jurisdiction over the defendant; and second, the court must determine whether the exercise of personal jurisdiction is reasonable and thus comports with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

The exercise of specific jurisdiction is permissible when a suit arises out of the defendant's minimum contacts with the forum. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). To be found to have minimum contacts in a forum, a company need have purposely availed itself of the privilege of doing

business in the forum, and to have been able to foresee being haled into court there. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170 (2d Cir. 2013).

As the Supreme Court restated in *Walden*, "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Defendants did nothing to target the forum. Any contact with New York, if present at all, was *de minimis* and manufactured by Plaintiff. Specific jurisdiction is lacking because this present case brought by Plaintiff is the only link between Defendants and New York, id. at 1122. To allow the Plaintiff to hale Defendants into court without even a minimum number of contacts offends Constitutional principles.

Here, Defendants do not have extensive business activity in New York. Despite operating an interactive website accessible from New York and elsewhere, Defendants have never shipped the allegedly infringing product to New York and no sales of the allegedly infringing product were ever consummated in the state. The operators have never been to the United States. Defendants do not maintain a business presence in New York, does not pay New York taxes, has never filed suit in New York, does not bank in New York, does not store inventory in New York,

does not target advertising or marketing to New York residents, has never contracted with an ISP in New York, has not formed contracts in New York, and has never shipped any allegedly infringing products to anywhere including New York. Therefore, under well-established principles, Defendants are not subject to personal jurisdiction in the Court in New York.

If defendant's contacts with the forum state rise to this minimum level, a defendant may defeat jurisdiction only by presenting "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. The reasonableness factors include: (1) the burden imposed on the defendant by the exercise of personal jurisdiction; (2) the forum state's interest in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in efficient resolution; and (5) the state's interest in promoting substantive social policies. *See,* e.g., *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129 (2d Cir. 2002).

The connection between Defendants and New York is minimal, if there is any. The burden on Defendants is significant, as they are, in fact, citizen and resident of China. The State of New York's interest in this case is likewise weak. The allegations, at most, address *di minimis* causing virtually no appreciable actual injury to Plaintiff. Plaintiff is not a New York-based company. Instead, Plaintiff is a limited liability

company organized and existing under the laws of the State of Delaware, with its principal place of business located in California. If there is any forum with jurisdiction to adjudicate Plaintiff's claims, it should be Delaware or California. In addition, New York courts cannot provide any particular efficiencies in resolving this matter either. So, even if this Court finds that the absolute bare minimum contacts might exist, it should still dismiss because the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.

## IV.  Plaintiff Is Not Entitled To Jurisdictional Discovery

The district court enjoys substantial discretion on whether to allow jurisdictional discovery. In particular, "a court does not abuse its discretion in denying jurisdictional discovery 'if the party seeking discovery cannot articulate a reasonable basis for the court to assume jurisdiction.'" *Beierwaltes v. L'Office Federale De la Culture De La Confederation Suisse*, 99 F. 3d 808, 828 (2d Cir. 2021) *quoting Arch Trading Corp. V. Republic of Ecuador*, 839 F. 3d 193, 206-207 (2d Cir. 2016). If the plaintiff has failed to establish a prima facie case for personal jurisdiction, jurisdictional discovery is generally not granted. *See Jazini*, 148 F.3d at 186.

Here, jurisdictional discovery is unnecessary because there is nothing discovery will accomplish. Plaintiff's sole arguable basis for jurisdiction brought up before the District Court was purported nexus between the alleged trademark

infringement claims brought by Plaintiff and Defendants' operation of the interactive websites that are accessible from everywhere including New York.

There is simply nothing that discovery could add to the facts before the District Court. "A plaintiff is not entitled to discovery to establish essentially speculative allegations necessary to personal jurisdiction." *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 US 694, 715 (1982) (concurring opinion). The District Court properly rejected Plaintiff argument that it needed jurisdictional discovery.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court affirm the District Court's Orders.

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of Fed. R. App. P. 32 (a)(7)(B), the word limit of Local Rule 32.1(a)(4)(A) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(ii): this document contains 4685 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.


Dated: January 5, 2024                          /s/ Tianyu Ju_____
                                                Tianyu Ju
                                                *Counsel for Defendants-Appellees*